J-A25008-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA　:　IN THE SUPERIOR COURT OF
　　　　　　　　　　　　　　　　:　　　　　PENNSYLVANIA
　　　　　　　　　　　　　　　　:
　　　　　　　v.　　　　　　　　:
　　　　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　:
SHAWN LEE WARNER　　　　　　　:
　　　　　　　　　　　　　　　　:
　　　　　　　Appellant　　　　　:　No. 274 WDA 2023

Appeal from the Order Entered August 18, 2022
In the Court of Common Pleas of Blair County Criminal Division at No(s):
CP-07-CR-0000307-2020

BEFORE:　BOWES, J., KUNSELMAN, J., and COLINS, J.[*]

MEMORANDUM BY BOWES, J.:　　　　　　　　　**FILED: APRIL 3, 2024**

Shawn Lee Warner appeals from the order denying his motion to dismiss pursuant to Pa.R.Crim.P. 600.[1]　We reverse and dismiss the complaint with prejudice.

By way of background, Appellant was charged by criminal information on January 14, 2020, following a domestic violence incident in late September 2019.　After several delays, including some during the COVID-19 pandemic, Appellant was scheduled for trial on August 2, 2021.　Since over 365 days had elapsed, Appellant filed a Rule 600 motion to dismiss.　The court held hearings on March 7, 2022, and June 9, 2022.　For reasons detailed *infra*, the trial court denied Appellant's motion.　The court thereafter amended the order to permit

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] This Court granted Appellant's petition for permission to appeal pursuant to 42 Pa.C.S. § 702(b).

interlocutory appeal to this Court and this timely appeal followed.[2]  Appellant

presents the following issues for our consideration:

> 1.) Whether the trial court's decision ought to be reversed where this Honorable Court's decision in ***Commonwealth v. Carl***, 276 A.3d 743 (Pa.Super. 2022), is inapplicable to the instant matter in so much as the record contains no information that the Commonwealth relied on the COVID-19 orders regarding Rule 600 when it failed to exercise due diligence in prosecuting [Appellant's] criminal matter.
>
> 2.) Whether this Honorable Court's decision in ***Commonwealth v. Carl*** applies to the instant matter in so much as the Commonwealth failed to exercise due diligence throughout the pendency of this matter, as required by ***Commonwealth v. Harth***, 252 A.3d 600 (Pa. 2021), regardless of the orders entered by the state and local courts as to COVID-19 and Rule 600.

Appellant's brief at 4 (cleaned up).

Our standard of review for Rule 600 claims is well-settled:

> In evaluating Rule 600 issues, our standard of review of a trial court's decision is whether the trial court abused its discretion. Judicial discretion requires action in conformity with law, upon facts and circumstances judicially before the court, after hearing and due consideration.  An abuse of discretion is not merely an error of judgment, but if in reaching a conclusion the law is overridden or misapplied or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias, or ill will, as shown by the evidence or the record, discretion is abused.
>
> The proper scope of review is limited to the evidence on the record of the Rule 600 evidentiary hearing, and the findings of the trial court.  An appellate court must view the facts in the light most favorable to the prevailing party.

---

[2] In lieu of an opinion pursuant to Pa.R.A.P. 1925(a), the trial court refers us to the certified record.  No Rule 1925(b) statement was ordered or filed.

Additionally, when considering the trial court's ruling, this Court is not permitted to ignore the dual purpose behind Rule 600. Rule 600 serves two equally important functions: (1) the protection of the accused's speedy trial rights, and (2) the protection of society. In determining whether an accused's right to a speedy trial has been violated, consideration must be given to society's right to effective prosecution of criminal cases, both to restrain those guilty of crime and to deter those contemplating it. However, the administrative mandate of Rule 600 was not designed to insulate the criminally accused from good faith prosecution delayed through no fault of the Commonwealth.

So long as there has been no misconduct on the part of the Commonwealth in an effort to evade the fundamental speedy trial rights of an accused, Rule 600 must be construed in a manner consistent with society's right to punish and deter crime. In considering these matters, courts must carefully factor into the ultimate equation not only the prerogatives of the individual accused, but the collective right of the community to vigorous law enforcement as well.

*Carl*, 276 A.3d at 748 (cleaned up).

Turning to the statute, Rule 600 provides that a trial must commence within 365 days from the date the complaint is filed. *See* Pa.R.Crim.P. 600(A)(2)(a). When, as here, a defendant elects to proceed to trial instead of entering a plea, the trial will commence on the day the court calls the case to trial. *See* Pa.R.Crim.P. 600(A)(1). Importantly, not all time between the filing of the complaint and calling the case to trial counts towards the 365 days. *See Carl*, 276 A.3d at 749. Subsection (C) sets forth the method of computation thusly:

(1) For purposes of paragraph (A), periods of delay at any stage of the proceedings caused by the Commonwealth when the Commonwealth has failed to exercise due diligence shall be included in the computation of the time within which trial must commence. Any other periods of delay shall be excluded from the computation.

- 3 -

. . . .

(3)(a) When a judge or issuing authority grants or denies a continuance:

(i) the issuing authority shall record the identity of the party requesting the continuance and the reasons for granting or denying the continuance; and

(ii) the judge shall record the identity of the party requesting the continuance and the reasons for granting or denying the continuance. The judge also shall record to which party the period of delay caused by the continuance shall be attributed, and whether the time will be included in or excluded from the computation of the time within which trial must commence in accordance with this rule.

(b) The determination of the judge or issuing authority is subject to review as provided in paragraph (D)(3).

Pa.R.Crim.P. 600(C). Finally, subsection (D) provides the remedy for a violation of Rule 600's prompt-trial requirements:

When a defendant has not been brought to trial within the time periods set forth in paragraph (A), at any time before trial, the defendant's attorney . . . may file a written motion requesting that the charges be dismissed with prejudice on the ground that this rule has been violated. . . . The judge shall conduct a hearing on the motion.

Pa.R.Crim.P. 600(D).

We have explained that the interplay of these subsections results in a three-step process for calculating whether a defendant has been brought to trial promptly:

First, Rule 600(A) provides the mechanical run date. Second, we determine whether any excludable time exists pursuant to Rule 600(C). We add the amount of excludable time, if any, to the mechanical run date to arrive at an adjusted run date.

> If the trial takes place after the adjusted run date, we apply the due diligence analysis set forth in Rule 600(D). As we have explained, Rule 600 encompasses a wide variety of circumstances under which a period of delay was outside the control of the Commonwealth and not the result of the Commonwealth's lack of diligence. Any such period of delay results in an extension of the run date. Addition of any Rule 600 extensions to the adjusted run date produces the final Rule 600 run date. If the Commonwealth does not bring the defendant to trial on or before the final run date, the trial court must dismiss the charges.

*Carl*, 276 A.3d at 749. It is the Commonwealth that bears the burden of establishing by a preponderance of the evidence that it behaved with due diligence throughout the criminal proceedings. *Id*. at 748.

Additionally, considering the procedural history of this case, our recent jurisprudence concerning the excludability of delays resulting from an emergency judicial order entered during the COVID-19 pandemic is particularly apt. In that vein, both the Commonwealth and Appellant rely on our decision in *Carl* to support their positions, though they come to diametrically opposed conclusions.

In *Carl*, we analyzed a specific judicial emergency order,[3] which, by its plain language, suspended Rule 600 calculations for the duration of the declared emergency. *Id*. at 750. We found the language "unambiguously suspended in criminal cases all rule-based, 'prompt trial' time computations for the duration of the Declaration's effective period, and nothing in the

---

[3] The operative language of the order in *Carl* directed that "[d]uring the emergency, the following shall apply: . . . (3) Suspend statewide rules pertaining to the rule-based right of criminal defendants to a prompt trial." *Commonwealth v. Carl*, 276 A.3d 743, 747 (Pa.Super. 2022) (quoting York County Declaration of Judicial Emergency, 5/28/20).

- 5 -

subsequent paragraph of the Declaration placed qualifications or limitations on this absolute, temporary suspension." *Id*. at 751. As such, we determined that the court in *Carl* erred in conducting a due diligence analysis before excluding the time. *Id*.

However, our holding in *Carl* only applies to emergency orders unambiguously suspending Rule 600. For all other emergency orders, we find guidance from our High Court's decision in *Commonwealth v. Harth*, 252 A.3d 600 (Pa. 2021). In *Harth*, the Court clarified that "requiring the Commonwealth to demonstrate that it acted with due diligence before a trial court excludes time from its Rule 600 time computation on the basis of judicial delay comports with the language of Rule 600(C)(1) and its commentary, the purpose behind the rule, and our prior jurisprudence[.]" *Id*. at 617 (cleaned up). Therefore:

> in ruling on a defendant's Rule 600 motion to dismiss, a trial court must first determine whether the Commonwealth has met its obligation to act with due diligence throughout the life of the case; if the Commonwealth meets its burden of proving due diligence, only then may the trial court rely upon its own congested calendar or other scheduling problems as justification for denying the defendant's motion.

*Id*. at 618.

This Court recently summarized how "*Harth* and *Carl* frame the inquiry for the effect of emergency orders on Rule 600[:]"

> If an order unambiguously suspends Rule 600 without qualification, then the period of the suspension is added to the run date without considering the Commonwealth's diligence. *Carl*, 276 A.3d at 751. Alternatively, if an order characterizes a delay

- 6 -

as a court postponement, then that period is **only excluded if the trial court determines after a hearing that the Commonwealth exercised due diligence through the life of the case**. *Harth*, 252 A.3d at 618.

*Commonwealth v. Lear*, 290 A.3d 709, 719 (Pa.Super. 2023) (cleaned up, emphasis added), *appeal granted in part,* 305 A.3d 541 (Pa. 2023).[4]

Of particular issue in *Lear* were local emergency orders that did not unambiguously suspend Rule 600, but instead declared that the delays "shall be considered a court postponement and shall constitute excludable time under Rule 600(C)." *Id*. at 720 (cleaned up). We held that "[f]or such judicial delay to be excluded from the Rule 600(C) computation, the trial court must find that the Commonwealth exercised due diligence. Because the trial court did not afford the Commonwealth the opportunity to prove its diligence, we remand[ed] for a hearing under Rule 600(D)." *Id*. (cleaned up).

With these principles in mind, we turn to the facts of this case. Notably, in arguing that the Commonwealth failed to exercise diligence, Appellant's

---

[4] Specifically, our High Court has granted allocatur to answer the following question:

> Whether a court must assess the Commonwealth's due diligence during a worldwide pandemic for purposes of Rule 600 before it excludes delay attributable to a local judicial emergency during which the president judge cancelled and suspended all trials, suspended Rule 600 and otherwise excluded judicial delay caused by the judicial emergency, and implemented strict procedures to protect the public?

*Commonwealth v. Lear*, 305 A.3d 541 (Pa. 2023).

counsel asserted that after receiving initial discovery, counsel had contacted the District Attorney's Office by phone three times between June and July of 2020, leaving voicemails and receiving no return phone calls. Counsel also sent two letters, one in July 2020 and a second in October 2020, again with with no reply. Discouraged by the lack of response, counsel stopped trying to reach out to the Commonwealth. *See* Memorandum of Law in Support of the Motion to Dismiss Pursuant to Rule 600, 3/28/22, at unnumbered 2; N.T. Hearing, 6/9/22, at 5-9. Additionally, the deputy court administrator testified that the Commonwealth did not ask to have the matter listed for trial. *See* N.T. Hearing, 6/9/22, at 23-24.

We note that the Commonwealth did not file a memorandum of record in response to the Rule 600 motion, though it purportedly submitted an untimely memorandum, which does not appear in the certified record. Despite being directed to "be prepared to address its due diligence at all phases of this case during the hearing currently scheduled for June 9, 2022[,]" the Commonwealth offered no testimony or argument to demonstrate that it was aware of Appellant's case, had been tracking the relevant Rule 600 date, or had requested for the case to be listed. *See* Supplemental Order, 5/25/22, at 9. Rather, the Commonwealth relied upon the administrative and emergency orders, and stated that it was trial ready as of May 2021, because that was when the case was first listed for trial. *See* N.T. Hearing, 6/9/22, at 30.

In computing the excludable time, the trial court made the following findings of fact and conclusions of law:

1. The criminal complaint in this matter was filed on January 14, 2020.

2. On March 16, 2020, the Honorable President Judge Elizabeth A. Doyle issued a court order explicitly suspending Rule 600 due to the COVID-19 pandemic until June 15, 2020.

3. The time period from January 14, 2020, through March 15, 2020 amounts to sixty-two days of delay which this court finds to be attributable to the Commonwealth.

4. The time period from March 16, 2020, through June 15, 2020, amounts to a period of ninety-two days of delay which this court finds to be attributable to the court due to its explicit suspension of Rule 600.

5. From June 16, 2020, to November 24, 2020, there was additional delay in this matter. There was no judicial suspension of Rule 600 during this time period. We find that this time period amounts to one-hundred and sixty-two days of delay which is attributable to the Commonwealth.

6. On November 25, 2020, President Judge Doyle issued an additional administrative court order again explicitly suspending Rule 600. This judicial suspension of Rule 600 lasted until February 23, 2021. We calculate this time period to amount to ninety-one days attributable to the court.

7. On March 15, 2021, President Judge Doyle issued an order administratively moving all cases involving non-incarcerated defendants that were not *praeciped* to be heard at the March 22, 2021 trial list review to the trial list review on May 24, 2021.

8. Judge Doyle's March 15, 2021 Order states, "**Any delay of time between the expiration of the suspension of Rule 600 on February 23, 2021, and trial list review on May 24, 2021 shall be attributed as 'time delay attributable to the court' and shall not be attributable against any defendant for purposes of Rule 600(C)(2). Any motion for remedy pursuant to Rule 600(D)(1) or (2) shall be reviewed by this**

> **court in light of the previous administrative orders and this order**." (See docket of 2021 MD 49 & Commonwealth's Memorandum of Law, Attachment "J").
>
> 9. This court finds that the time period from February 24, 2021 to May 24, 2021 amounts to ninety days of delay which must be attributed to the court due to Judge Doyle's March 15, 2021 order.
>
> . . . .
>
> 11. [Appellant's] case was again administratively moved from the May 24, 2021 trial list review date to the August 2, 2021 trial list review date.

Supplemental Order, 5/25/22, at 3-6 (cleaned up, emphasis added).

Of those delays, the court found that 224 days were attributable to the Commonwealth, from January 14, 2020 to March 15, 2020, and from June 16, 2020, to November 24, 2020. *Id*. at 6. Saliently, the court found several delays attributable to the court and excluded those periods from its calculation without considering the Commonwealth's due diligence: (1) from March 16, 2020, to June 15, 2020, and from November 25, 2020, to February 23, 2021, due to explicit suspensions of Rule 600, (2) from February 24, 2021, to May 24, 2021, based on the March 15, 2021 order, and (3) from May 25, 2021, to August 2, 2021, because Appellant's case was administratively moved. *Id*.

As in *Carl*, the judicial emergency orders entered during the pendency of Appellant's case unequivocally suspended Rule 600 for portions of the delay of his trial. *See In re: General Statewide Judicial Emergency*, 228 A.3d 1281 (Pa. filed Mar. 16 2021) (*per curiam*) (bestowing upon president judges in each judicial district "the authority to suspend the operation of [Rule] 600"

(capitalization altered)); Blair County Supplemental and New Order, 5/29/20, at 4 (mandating that Rule 600(C) remain "suspended through June 15, 2020"); Blair County Modified Administrative Order, 1/7/21, at 2 (ordering, in light of the ongoing pandemic and increased spread of COVID-19, that Rule 600 be "suspended from November 25, 2020 through February 23, 2021"). Applying our holding in **Carl**, we conclude that the trial court properly excluded the delay resulting from these orders, from March 16, 2020, to June 15, 2020, and from November 25, 2020, to February 23, 2021. **See Carl**, 276 A.3d at 751.

However, contrary to the assumption by the trial court and the Commonwealth, **Carl** does not apply to administrative orders continuing case conferences, such as the March 15, 2021 order. Indeed, that order expressly disavowed suspension of Rule 600 calculations, indicating instead that any delay should be attributable to the court and should **not** be attributable to a defendant under Rule 600(C)(2). **See** Order, 3/15/21 ("Any delay of time between the expiration of the suspension of Rule 600 on February 23, 2021 and Trial List Review on May 24, 2021 shall be attributed as 'Time Delay Attributable to the Court' and shall not be attributable against any Defendant for purposes of Rule 600(C)(2).").

Accordingly, the delay caused by the March 15, 2021 order and the May 2021 administrative move are governed by **Harth** and **Lear**, and could only be excluded if the Commonwealth acted with due diligence "throughout the

life of the case." ***Harth***, 252 A.3d at 618. Thus, insofar as the trial court relieved the Commonwealth of the necessity of proving due diligence as to those periods, it erred.

Generally, we would remand for the trial court to conduct a due diligence analysis. However, remand is not necessary in this case. Although the court did not consider the Commonwealth's diligence in excluding the pertinent time periods, the court explicitly advised the Commonwealth that it had to prove diligence at the June 9, 2022 Rule 600 hearing and, following that hearing, the court determined that the Commonwealth had not acted diligently in prosecuting Appellant's case. Specifically, it held that "it does not appear that the Commonwealth exercised any due diligence in calculating when [Appellant's] case should be called for trial." Order, 7/6/22, at 7. Indeed, the court found that Appellant's case had been "overlooked, and only after a Rule 600 issue was raised by the defense did the Commonwealth rely upon Judge Doyle's Rule 600 suspension orders." ***Id***.

The court's conclusions are supported by the certified record, as detailed *supra*, since the Commonwealth failed to present any evidence or argument that it acted diligently, and indeed did not even act diligently in responding to Appellant's Rule 600 motion. Therefore, applying the court's finding that the Commonwealth failed to act with due diligence throughout the life of the case, we conclude that pursuant to ***Harth***, the time from February 24, 2021, to August 2, 2021, was not excludable for purposes of Rule 600.

With these corrections in mind, we determine whether the court nonetheless properly denied Appellant's motion, or if Rule 600 was violated and the complaint must be dismissed. Since the criminal complaint was filed on January 14, 2020, Appellant's mechanical run date was January 13, 2021. The court determined that the ensuing sixty-two days from the filing of the complaint were attributable to the Commonwealth. However, upon review of the certified record, we observe that Appellant obtained a continuance of his preliminary hearing from January 21, 2020, to February 4, 2020, and therefore, fourteen of those days should be excluded from the Rule 600 calculation. Accounting for this exclusion, Appellant's adjusted run date became January 27, 2021. Pursuant to the emergency orders unambiguously suspending Rule 600, we exclude 183 days, from March 16, 2020, through June 15, 2020, and from November 25, 2020, through February 23, 2021, resulting in an adjusted run date of July 29, 2021. No periods of time after the emergency orders were excludable. Accordingly, since Appellant's trial did not take place by that date, his Rule 600 speedy trials rights were violated, and the trial court erred in not granting Appellant's motion and dismissing the complaint.

Based on the foregoing, we are compelled to reverse the order denying Appellant's Rule 600 motion and we dismiss the complaint with prejudice. *See* Pa.R.Crim.P. 600(D).

Order reversed. Complaint dismissed with prejudice. Jurisdiction relinquished.

Judge Kunselman joins this Memorandum.

Judge Colins files a Concurring Statement.

Judgment Entered.

*Benjamin D. Kohler*

Benjamin D. Kohler, Esq.
Prothonotary

FILED: 4/3/2024